**Douglas REESE and Lisa Ann Reese, Plaintiffs,**

v.

**NATIONAL MINE SERVICE COMPANY, a corporation, Defendant.**

**Civ. No. 86–4300.**

United States District Court, S.D.Illinois, Benton Division.

Nov. 3, 1987.

Richard F. Murray, Jr., Mitchell, Brandon & Schmidt, Carbondale, Ill., for plaintiffs.

Thomas E. Jones, Walker and Williams, P.C., Belleville, Ill., for defendant.

Gordon R. Broom, Edwardsville, Ill., for third-party defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on defendant's Motion for Summary Judgment. The parties briefed the issues and oral argument was heard in chambers on October 13, 1987.

This case involves a claim for personal injury allegedly sustained during the operation of a shuttle car which was produced by defendant and used to transport coal miners while underground. Counts I and III of the complaint are premised on strict liability, while Counts II and IV are based on negligence. Defendant's summary judgment motion is directed at the strict liability counts and is based on the Illinois

Statute of Repose, Ill.Rev.Stat. ch. 110, ¶ 13–213.

The shuttle car which is the subject of plaintiffs' allegations was manufactured on August 13, 1971 and delivered to Old Ben Coal Company on March 22, 1972. The alleged injury occurred on November 1, 1985 and suit was brought on September 5, 1986. The parties are in agreement concerning these dates. Defendant relies on Ill.Rev.Stat. ch. 110, ¶ 13–213(b) as barring the strict liability counts. That statute requires any action in strict liability to be brought within ten years from the date of the first sale or delivery of the product to its initial user.

On September 16, 1982, Old Ben Coal Company contracted with defendant to recondition the subject shuttle car. Defendants completely disassembled the shuttle car, repaired the chassis, made some minor modifications and reassembled the car replacing many of the old parts with new ones. The shuttle car was shipped back to the coal company with a new warranty equal to that which is given to a new product. Plaintiffs argue that the reconditioning was in essence a "remanufacturing" and that the shuttle car was essentially a new product. As a new product plaintiffs argue that the delivery date for determining the application of the Statute of Repose would be in the year 1982.

Defendant responds to plaintiffs' position by citing to subparagraph (e) of the statute.

(e) Replacement of a component part of a product unit with a substitute part having the same formula or design as the original part shall not be deemed a sale, lease or delivery of possession or an alteration, modification or change for the purpose of permitting commencement of a product liability action based on the doctrine of strict liability in tort to recover for injury or damage claimed to have resulted from the formula or design of such product unit or of the substitute part when such action would otherwise be barred according to the provisions of subsection (b) of this Section.

Ill.Rev.Stat. ch. 110, ¶ 13–213(e). It is clear that the parts which were replaced during the reconditioning of the shuttle car did not alter or modify the products' design. It is defendant's position that without a design modification there is no "restarting" of the limitations period.

Having read the briefs of the parties and listened to oral argument, the Court can say that both sides have raised valid points in support of their respective positions. Plaintiffs' position is a rather unique one which due to lack of case law causes the bulk of argument to be on policy considerations.

■ Plaintiffs raise two basic policy arguments. The first concerns the warranty of the reconditioned shuttle car. If a manufacturer offers a new product warranty on a reconditioned product, plaintiffs argue that the manufacturer's liability for that product should be the same as if the product were new. The Court does not find this argument persuasive. Warranties should be encouraged. If new product liability attaches for offering a warranty equal to that of a new product, a manufacturer or reconditioning firm would be discouraged from offering warranties (at least long warranties). Furthermore, warranties are often a bargaining tool between the manufacturer and purchaser which do not always enure to the benefit of the ultimate user or consumer. Strict liability is premised on other policy considerations which take the ultimate user into account. Warranty and strict liability do not always go hand in hand.

Plaintiffs' other policy argument concerns the encouragement which will be given to manufacturers to reduce liability by reconditioning older products instead of offering new products with enhanced designs or modifications. In this particular instance the plaintiffs' argument has some merit. A product such as a shuttle car, where the basic chassis has a very long usable life, could be reconditioned several times. However, the Court feels it is highly unlikely that a manufacturer would be so concerned with a liability limitations period that it would risk its competitive position by refusing to offer innovative new products or pricing them out of the realm of reasonableness.

The Court finds the policy argument offered by defendant and raised throughout the legislative history of the statute to be the most persuasive. That being that the best public policy is one that allows, after a reasonable period of time, entities to plan their affairs with a degree of certainty that they are not burdened by protracted or unknown potential liability. A repose statute should recognize that society tends to repair more often than replace and that unless the replacement part has an inherent flaw, there is no reason to renew liability. The Court believes that the Illinois Statute of Repose should be interpreted in that manner and that the instant case is an example of replacement not remanufacture.

Accordingly, defendant's Motion for Summary Judgment (Document No. 28) is hereby GRANTED. Judgment in favor of defendant should be entered as to Counts I and III of plaintiffs' complaint.

IT IS SO ORDERED.